**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

                **Plaintiff,**                    **MEMORANDUM**
                                                           **AND ORDER**

                                                            **20-MJ-318 (RLM)**
      **-against-**                                          **20-CR-242 (RRM)**

**DONALD ALLEN,**

                **Defendant.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       The question currently before this Court is whether a grand jury's return of an indictment against a defendant moots a federal magistrate judge's pending probable cause determination. For the reasons that follow, the Court answers this question in the affirmative.

## PROCEDURAL HISTORY

       By way of background, on April 22, 2020, the United States of America ("the government") obtained a sealed Criminal Complaint in the United States District Court for the Eastern District of New York, charging the defendant Donald Allen ("defendant" or "Allen"), along with a co-defendant, with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. See Criminal Complaint (Apr. 22, 2020) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1.[1] This Court subsequently conducted a preliminary hearing via videoconference on June 5, 2020, where it heard evidence in order to determine whether the charge was supported by probable cause, pursuant to Rule 5.1(e)

---

[1] By order dated April 27, 2020, the Complaint and arrest warrants were unsealed. See Order (Apr. 27, 2020), DE #4. (Docket entry citations refer to the docket in 20-MJ-318.)

of the Federal Rules of Criminal Procedure.  See Minute Entry for Preliminary Hearing (June 5, 2020), DE #17.  At the conclusion of the hearing, the Court reserved decision on whether the government had established probable cause, and ordered the parties to submit briefing on the element of intent to defraud.  See id.

Approximately one month later, on July 2, 2020, the government informed this Court, in its post-hearing reply, that "a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant Donald Allen with one count of wire fraud conspiracy and two counts of wire fraud for his participation in a scheme to defraud a purported investor in connection with the sale of Personal Protective Equipment" ("PPE").  Letter Reply Brief (July 6, 2020) ("7/6/20 Gov. Ltr.") at 1, DE #21; see Indictment, 20-CR-242.  The government argued that "[o]nce an indictment is filed in a case, the need for a preliminary hearing is obviated, the returning of an indictment, itself, constituting an independent finding of probable cause by the grand jury."  7/6/20 Gov. Ltr. at 1 (quoting United States v. Permisohn, 339 F.Supp. 52, 56 (S.D.N.Y. 1971)); see United States v. Heap, 345 F.2d 170, 172 (2d Cir. 1967).  The Court then ordered Allen to address the mootness issue.  See Electronic Order to Show Cause (July 8, 2020).

Defendant Allen now asks this Court to issue its ruling on whether the government established probable cause at the June 5, 2020 preliminary hearing.  See Letter Response to Order to Show Cause (July 13, 2020) ("7/13/20 Def. Ltr.") at 2, DE #22.  The government opposes that request, arguing that the Court's Rule 5.1(e) determination was rendered moot once the grand jury indicted Allen.  See Letter answering the defendant's response (July 22, 2020) ("7/22/20 Gov. Ltr.") at 5, DE #23.  Having considered the parties' submissions, the balance of the record, and the governing law, the Court agrees

with the government.

## DISCUSSION

Allen's challenge to the government's mootness argument is twofold: (1) that an indictment returned by a grand jury does not necessarily moot the preliminary hearing conducted by the Court, and (2) that the government engaged in "gamesmanship" by securing an indictment after the hearing, but before the Court issued its ruling. See 7/13/20 Def. Ltr. at 1. Neither argument is persuasive. All three cases cited by Allen are out-of-Circuit decisions issued in or before 1973. See id. at 1-2. As the government convincingly explains, two of the cases cited by defendant Allen – United States v. Pollard, 335 F.Supp. 868 (D.D.C. 1971), and Blue v. United States, 342 F.2d 894 (D.C. Cir. 1964) – are factually inapposite, and therefore, are not persuasive authority. See 7/22/20 Gov. Ltr. at 3-5. The government's failure to promptly notify the Court and defense counsel of its decision to present the case against Allen to the grand jury was extremely frustrating; nevertheless, its conduct was not so outrageous as to warrant a departure from the principles embodied in Permisohn and Heap. As for Allen's reliance on United States v. Quinn for the proposition that the "government ought not to be allowed to freely abandon its prosecution in a preliminary examination the moment that an . . . adverse result seems imminent[,]" 357 F.Supp. 1348, 1350 (N.D. Ga 1973), that opinion ultimately ruled in the government's favor, holding that "the grand jury indictment, not the preliminary examination, is dispositive of determining probable cause," id. at 1351.

Notably, defendant fails to articulate how he would benefit from a probable cause determination made after the grand jury returned an indictment. Even assuming

3

*arguendo* that this Court would have concluded that the hearing evidence failed to support a finding of probable cause, such a conclusion would be academic, insofar as the Complaint no longer serves as the basis for requiring Allen "to appear for further proceedings," Fed. R. Crim. P. 5.1(e); a magistrate judge's finding of no probable cause "does not preclude the government from . . . prosecuting the defendant for the same offense[,]" Fed. R. Crim. P. 5.1(f); and a magistrate judge has no authority to dismiss a grand jury indictment. Moreover, in this case, the evidence presented to the grand jury may well have been more extensive than that presented at the preliminary hearing.[2] Allen's demand for a probable cause determination invites the Court to issue an advisory opinion with no practical effect in the case at bar.

In any event, were this Court to make a probable cause determination, it would find, based on the evidence adduced at the hearing, probable cause to believe that defendant Allen conspired to commit wire fraud, in violation of 18 U.S.C. § 1349. Specifically, and largely for the reasons articulated by the government in its letter of June 19, 2020, the evidence presented at the hearing,[3] which is summarized in that 1etter, demonstrates that Allen had the requisite intent to deceive a purported investor of millions of dollars. See Letter regarding preliminary hearing (July 19, 2020), DE #19. As this Court expressly found at the conclusion of the hearing, "the Government has established

---

[2] Indeed, the grand jury returned an indictment charging Allen with two new counts of wire fraud in addition to the conspiracy charge set forth in the Complaint.

[3] The evidence consisted of testimony from, and exhibits introduced through, Special Agent John Carrano from the Criminal Investigations Division of the Internal Revenue Service, who recounted his review of reports, emails, text messages, and video and audio recordings, including defendant Allen's statements to law enforcement officials. See generally Preliminary Hearing Transcript (June 5, 2020) ("Hr'g Tr."), DE #19-1.

4

probable cause to believe that [Allen and his co-defendant] were involved in making false statements, creating misleading impressions through the way they staged the masks [and] boxes, [in order] to lure in customers" for PPE that they falsely claimed to have the right to sell.  See Hr'g Tr. 79:9-16.

Defendant contends that the evidence shows, at best, fraudulent representations to induce the purported investor to transfer funds, but not an intent to harm.  See Letter re Preliminary Hearing (June 25, 2020) at 2 n.2, DE #20 (noting that the witness could not say whether, had the defendants received the funds, they would have caused ICIG, their purported medical supply company, to either deliver the bargained-for masks if they were able to acquire them, or, if not, to refund the purchase price).   Having considered the evidence and counsel's legal arguments, the Court disagrees.  "[P]robable cause requires only a probability or substantial chance of criminal activity," United States v. Bakhtiari, 913 F.2d 1053, 1062 (2d Cir. 1990) (citation omitted), and "need not reach the level of evidence necessary to support a conviction," United States v. Fisher, 702 F.2d 372, 375 (2d Cir. 1983) (citations omitted).   The government proved at the hearing that Allen probably acted with the requisite intent to defraud.   For example, on April 15, 2020, Allen sent invoices to "Investor-2," seeking more than $4.5 million as the purchase price for 4.3 million masks.   See Preliminary Hearing Government Exhibits 5-6 (Invoices); see also Hr'g Tr. at 24:4-11.   That same day, Allen assured the purported investor that he had the right and authority to sell the masks identified in the invoices, as his company had contracted to acquire the masks for resale.   Compl. ¶ 42.   As those assurances were demonstrably false, designed to induce the purported investor to part with millions of dollars to purchase masks that Allen had no right to sell, the Court concludes that the wire

fraud conspiracy charge is supported by probable cause.

## CONCLUSIONS

For the foregoing reasons, Allen's application is denied: the question of whether this Court finds probable cause so as to permit defendant Allen to face the charge of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 is now moot in light of the indictment returned by the grand jury.

**SO ORDERED.**

**Dated:** Brooklyn, New York
August 5, 2020

                                     /s/ *Roanne L. Mann*
                                     **ROANNE L. MANN**
                                     **UNITED STATES MAGISTRATE JUDGE**